## PENNY & CO. v. McLEOD.

WHARF-BOATS—*When agents of carriers.*—Where goods are consigned to the owner and delivered to a wharf-boat, it is not a delivery to the owner, but the wharf-boat holds them as agent for the carrier.

SAME—*Liability of to consignee.*—The owners of a wharf-boat may act as agents of both carrier and consignee and, when they agree with the consignee to receive goods for him, they are liable to such consignee if they fail to comply with such agreement.

### APPEAL FROM PHILLIPS CIRCUIT COURT.

HON. M. L. STEPHENSON, *Circuit Judge.*

*Palmer & Sanders,* for Appellants.

The legal principle seems to be well settled that the liability of the warehouseman or wharfinger does not commence until that of the carrier ceases. *Sleade vs. Payne,* 14 *La. An.,* 453; *Dean vs. Vaccaro,* 2 *Head,* 488; *Alabama, etc., R. R. Co. vs. Kidd,* 35 *Ala.,* 209. And that in order to relieve the owners of vessels from responsibility, there must be a delivery on the wharf to some person authorized to receive the goods, or some act must be done which is equivalent to a delivery. *Herman vs. Goodrich,* 21 *Wis.,* 536.

The idea that appellants could have been agents for the boat, and for appellee also, at the same time, is preposterous. *Story on Agency, secs.* 210-217; *Edwards on Bailments,* 300, 301; *Story on Bailments, sec.* 453, *sec.* 538, *et seq.;* 2 *Kent's Com.,* 604.

*A. H. Garland,* for Appellee.

There was no error in the law as declared by the court. *See Angell on Carriers, sec.* 66; *Ib.,* 123, 129.

The trial being had by the court in place of a jury, this court will not reverse the finding unless there is an entire absence of proof to support it. 26 *Ark.,* 362, *and cases cited on that page.*

GREGG, J.—The appellee brought his complaint, at law,
36

against appellants for damages caused by their failure to deliver to his agents certain horses by them received, as wharfingers, at the port of Helena, Arkansas.

The appellants admitted that the steamer Des Arc delivered the horses at their wharf-boat, but they deny that they were plaintiff's agents, or that the horses were received for him. Issue was formed, and, by consent, the cause was submitted to the court sitting as a jury.

It appeared that appellants were the keepers of a wharf-boat and common receivers of freight for that port. That, a few days before the horses were landed there, appellee went on the boat and advised their clerk then in charge that he expected horses shipped there to him, and he desired Harris & Rayner, of the Eclipse livery stable, notified, and the horses turned over to them, and that arrangements had been made with them to receive the horses, etc. The clerk agreed to comply with such request. The clerk testified that he had no recollection of any such request or agreement; that he did not personally know consignee; that the horses were received by appellants as the agents of the steamer Des Arc, and stored at another stable for a few days, and then returned to the steamer. Other proof was made of the agreement with the clerk on the wharf-boat, and of the loss of one horse, the damage to others, etc.

The court found for the appellee $494 75, which finding was certainly not without evidence, and not unreasonable under the proof.

The court, in effect, declared the law to be that, where goods were consigned to the owner, and by the steamer delivered to the wharf-boat, it was not a delivery to the owner, but the wharf-boat holds them as agents for the carrier.

That the owners of a wharf-boat may act as agents of both carrier and consignee, and when they agree with consignee to receive goods for him, they are liable to such consignee if they fail to comply with such agreement.

The court refused to declare that a promise made by ap-

pellant's clerk to receive the horses and notify Harris & Rey-ner,. without any consideration being paid, was a *nudum pactum*, and defendants not bound thereby. And further, that to charge appellants, appellee was not bound to have made his pecuniary arrangements and shipped the horses to them. And lastly, that appellants were under no obligations to advance charges, and, as they held the horses only as agents of the steamboat, they could not refuse to surrender them when called for by the boat. The last declaration of law was not warranted by the evidence. The second one refused was clearly not law.

A wharf-boat, doing a general receiving and forwarding business, is a public agent, and, to a large extent, occupying grounds similar to a public carrier, and has a right, as a mid-way man between carrier and consignee, and as the agent of both parties,.to hold goods until all reasonable charges are paid thereon; and, in this case, it is not necessary to decide whether or not they were bound to receive goods without pay, and hold them until charges were paid, or the goods sold for such charges, because the clerk, who was acting for appellants, without demanding any advanced consideration, and upon being advised that Harris & Reyner would pay charges, etc., agreed to receive the horses and notify them. That agreement, in connection with the general business done by appellants, clearly made them liable if they failed to comply, as the proof. shows they did. Hence, we hold there was no error in any of the declarations of law. The judgment is affirmed.

HON. M. L. STEPHENSON, being disqualified, did not sit in this case.

HON. E. H. ENGLISH, *Special Judge.*